RYAN K. YAGURA (CA S.B. #197619)
ryagura@omm.com
XIN-YI ZHOU (CA S.B. #251969)
vzhou@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, California 90071
Telephone: +1 213 430 6000

SHARON L. DAVIS (pro hac forthcoming)
MICHAEL H. JONES (pro hac forthcoming)
BRYAN B. THOMPSON (pro hac forthcoming)
BENJAMIN FISHMAN (pro hac forthcoming)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: +1 202 783 6040

*Attorneys for Plaintiff DIRECTV, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DIRECTV, LLC<br><br>Plaintiff,<br><br>v.<br><br>ADEIA, INC., ADEIA GUIDES INC., ADEIA MEDIA HOLDINGS LLC, ADEIA TECHNOLOGIES INC. AND ADEIA MEDIA SOLUTIONS, INC.,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff DIRECTV, LLC ("DIRECTV") for its Complaint for Declaratory Judgment against Defendants Adeia Inc., Adeia Guides Inc., Adeia Media Holdings LLC, Adeia Technologies Inc., and Adeia Media Solutions Inc. (collectively "Adeia"), with knowledge as to its own acts and status, and upon information and belief as to the acts and status of others, by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* DIRECTV seeks a declaratory judgment of noninfringement of each of U.S. Patent Nos. 10,506,010 (the "'010 Patent"), 8,805,418 (the "'418 Patent"), 11,778,245 (the "'245 Patent"), 10,110,961 (the "'961 Patent"), 9,715,334 (the "'334 Patent"), 8,156,528 (the "'528 Patent"), and 8,601,526 (the "'526 Patent"). DIRECTV further seeks a declaratory judgment of invalidity of each of U.S. Patent Nos. 8,640,165 (the "'165 Patent"), 8,234,668 (the "'668 Patent"), and 12,301,922 (the "'922 Patent").  These patents are collectively referred to herein as the "Patents-in-Suit."

2.  Each of the Patents-in-Suit is owned by Adeia.

3.  Adeia has asserted that DIRECTV requires a license to its media patent portfolio, which includes the Patents-in-Suit.  Adeia has also asserted that DIRECTV needs to agree to a license with Adeia, once the current AT&T license agreement expires on December 31, 2025, because DIRECTV infringes patents in Adeia's media portfolio, including the Patents-in-Suit.

4.  DIRECTV does not infringe any valid claims of the Patents-in-Suit, either currently or going forward.

5.  An actual and justiciable controversy exists under 28 U.S.C. §§ 2201–2202 between DIRECTV and Adeia as to whether DIRECTV infringes any valid claims of the Patents-in-Suit.

**THE PARTIES**

6. Plaintiff DIRECTV is a California limited liability company with its principal place of business at 2260 E Imperial Hwy, El Segundo, CA 90245-3504.

7. Defendant Adeia Inc. is a Delaware corporation with its principal place of business at 3025 Orchard Parkway, San Jose, California 95134.

8. Defendant Adeia Guides Inc. (f/k/a Rovi Guides Inc.) is a Delaware corporation with its principal place of business at 3025 Orchard Parkway, San Jose, California 95134. Adeia Guides Inc. is a wholly owned subsidiary of Adeia Inc.

9. Defendant Adeia Media Holdings LLC is a Delaware limited liability company, with a principal place of business at 3025 Orchard Parkway, San Jose, California 95134. Adeia Media Holdings LLC is a wholly owned subsidiary of Adeia Inc.

10. Defendant Adeia Technologies Inc. is a Delaware corporation with its principal place of business at 3025 Orchard Parkway, San Jose, California 95134. Adeia Technologies Inc. is a wholly owned subsidiary of Adeia Inc.

11. Defendant Adeia Media Solutions Inc. (f/k/a TiVo Solutions Inc.) is a Delaware corporation with its principal place of business at 3025 Orchard Parkway, San Jose, California 95134. Adeia Media Solutions Inc. is a wholly owned subsidiary of Adeia Inc.

**DEFENDANTS' CORPORATE PREDECESSORS**

12. Rovi Corporation ("Rovi") was a corporation existing under the laws of the State of Delaware. Further, Rovi was the parent corporation to Rovi Guides, Inc. ("Rovi Guide").

13. TiVo, Inc. ("TiVo") was a corporation existing under the laws of the State of Delaware. TiVo was the parent corporation to TiVo Solutions Inc. ("TiVo Solutions").

14. In or around 2016, Rovi completed its acquisition of TiVo and changed its name to TiVo Corporation. At the time of the merger, Rovi and TiVo collectively had a worldwide portfolio of over 6,000 issued patents and pending applications. Both companies had monetized their intellectual

property, with more than $3 billion in combined IP licensing revenues and past damage awards. In or around June 2020, Xperi Holding Corp. ("Xperi Holding"), another corporation organized under the laws of Delaware, merged with TiVo Corporation to create "one of the industry's largest and most diverse intellectual property (IP) licensing platforms."

**BACKGROUND**

15. DIRECTV first entered a license agreement with Adeia's corporate predecessors in 1994. The primary basis for entering that license agreement was the portion of the Adeia portfolio that related to the operation of Multichannel Video Programming Distributor ("MVPD") technology for delivery of cable television to user homes.

16. When that initial license agreement expired on January 1, 2016, DIRECTV was a wholly owned subsidiary of AT&T.  AT&T, for itself and its subsidiaries, entered a seven-year license agreement with Adeia's predecessor Rovi Corporation for its patent portfolio on December 15, 2015, effective beginning on January 1, 2016 ("the AT&T Agreement").  The AT&T Agreement was then amended on September 1, 2017, to add three additional years.  The AT&T Agreement expires on December 31, 2025.

17. The patents that formed the core of the valuation of Adeia's portfolio in 2016 and before are now expired.  For example, as shown in Adeia's November 2025 Investor Deck, its Electronic Program Guide, DVR, and Video on Demand inventions date from the 1990s.  Thus, the patents arising from those inventions are now expired.  DIRECTV paid license fees for those patents up through their expiration dates pursuant to its earlier license agreements.

18.  According to Adeia's November 2025 Investor Deck, while those older, now-expired patents allowed Adeia to license approximately 90 percent of the MVPD market, it has licensed only about 30 percent of the over the top (OTT) steaming market and only 10 percent of the social media market.

19.  Despite expiration of the core patents in Adeia's media portfolio, as the end of the AT&T Agreement approached, Adeia demanded that DIRECTV once again enter a license agreement for the Adeia portfolio and pay very substantial royalties for those patents.  Adeia has consistently informed DIRECTV that it would need a license to the Adeia patent portfolio after the AT&T Agreement expires.

20. Adeia has a well-established history and practice of suing companies that refuse to license its patent portfolio.  For example, in November 2024, Adeia filed a patent infringement suit against The Walt Disney Company and its affiliates asserting infringement of six of its patents relating to media streaming and content delivery technology.  On November 3, 2025, Adeia filed a patent infringement suit against Advanced Micro Devices, Inc. asserting infringement of ten patents.

21. Based on Adeia's position that DIRECTV requires a license to the patents in the Adeia media portfolio that are potentially relevant to DIRECTV's business and Adeia's history of bringing patent infringement lawsuits against those companies that do not acquiesce to its demands seeking substantial damages, DIRECTV desires to resolve the issue of whether it infringes any valid claim of Adeia's remaining patents in its media portfolio to avoid running the risk of incurring damages for said infringement.

22. Adeia has not given DIRECTV any reason to doubt that unless DIRECTV agrees to enter into a license agreement, Adeia will seek to pursue legal action for patent infringement damages from DIRECTV.

23. On information and belief,  Adeia will contend that in the absence of a license  DIRECTV infringes: claim 1 of the '010 Patent via DIRECTV Stream server's storing content as different resolution fragments and providing said fragments to DIRECTV Stream users; claim 1 of the '418 Patent by providing location-based programs to DIRECTV Stream users; claim 1 of the '245 Patent by displaying mid-stream advertisements to DIRECTV Stream users; claim 1 of the '961 Patent by displaying picture-in-picture content to DIRECTV Stream users; and claim 1 of the '334 Patent by

providing the "Continue Watching" feature to DIRECTV Stream users (collectively, "DIRECTV Stream Products and Services").

24. On information and belief, Adeia will contend that in the absence of a license DIRECTV infringes: claim 32 of the '528 Patent by providing users with a digital video recording (DVR) feature via DIRECTV's set-top box receiver systems, including DIRECTV's Genie and Genie Mini devices; claim 1 of the '526 Patent by displaying and allowing for modification of user's recorded programs via the DIRECTV App in connection with a DIRECTV set-top box receiver system, including DIRECTV's Genie device; claim 1 of the '165 Patent by providing an interactive scoreboard to users during a sports event via broadcast to a DIRECTV set-top box receiver system; claim 1 of the '668 Patent by providing standard-definition and high-definition content to users via broadcast to a DIRECTV set-top box receiver system; and claim 1 of the '922 Patent by identifying and broadcasting advertisements to users based on user data.  These products and services are collectively referred to herein as the "DIRECTV MVPD Products and Services."

25. The above-referenced DIRECTV Stream Products and Services and DIRECTV MVPD Products and Services offered to its customers are collectively referred to herein as the "DIRECTV Products and Services."

26.  Despite discussions between the parties, no agreement has been reached to resolve their dispute.  As noted above, Adeia has brought patent infringement actions against multiple companies for damages seeking to enforce its patent portfolio and has stated in its most recent public disclosures that it has a multi-million-dollar litigation budget of over $5 million per quarter.

27.  DIRECTV has reason to expect that if it does not agree to a license agreement with Adeia and continues selling its DIRECTV Products and Services, that it will be at risk of accruing possible damages for patent infringement with respect to Adeia's patents, including particularly the Patents-in-Suit.

28. DIRECTV brings this action to resolve the dispute between the parties so that it does not have to proceed at risk of being found liable for patent infringement and accruing liability for damages.

29. Accordingly, an actual and justiciable controversy exists as to whether DIRECTV infringes any valid claim of the Patents-in-Suit.

## JURISDICTION AND VENUE

30. This action arises under the Patent Laws of the United States of America, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 based on the existence of an actual controversy between DIRECTV and Adeia for claims under the Patent Laws.  In particular, there is an active case or controversy about whether DIRECTV infringes any valid claims of each of the Patents-in-Suit.  *See e.g., supra* ¶¶ 15-29.

31. This Court has personal jurisdiction over Adeia because Adeia has engaged in actions in the Northern District of California that have established sufficient minimum contacts, specifically, Adeia's principal place of business is at 3025 Orchard Parkway, San Jose, California 95134.

32. The exercise of personal jurisdiction based on Adeia's contacts with this District does not offend traditional notions of fairness or substantial justice.

33. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) as a substantial part of the events or omissions giving rise to the claims occurred in this District, and Adeia's principal place of business is in this District, which subjects Adeia to personal jurisdiction.

## INTRADISTRICT ASSIGNMENT

34. Pursuant to Civil L.R. 3-2(c) and 3-5(b) and General Order No. 44, this is an Intellectual Property Rights Action subject to assignment on a district-wide basis.

1

**THE PATENTS-IN-SUIT**

2

    **A. U.S. Patent No. 10,506,010**

3    35. U.S. Patent No. 10,506,010 (the "'010 Patent") is titled "Delivering Content in Multiple

4    Formats." A copy of the '010 Patent is attached hereto as Exhibit 1. The '010 Patent on its face

5    indicates that it was originally assigned to Comcast Cable Communications LLC, and that the

6    inventors are Danial E. Holden and Austin J. Vrbas. On information and belief, Comcast Cable

7    Communications, LLC assigned the '010 Patent to Adeia Media Holdings LLC on November 24,

8    2020, in conjunction with a license agreement between those parties entered in 2020.

9    36. The application that issued as the '010 Patent was filed on February 1, 2017, and it was issued

10    on December 10, 2019.

11    37. DIRECTV disputes that it infringes any valid claims of the '010 Patent.

12

    **B. U.S. Patent No. 8,805,418**

13    38. U.S. Patent No. 8,805,418 (the "'418 Patent") is titled "Methods and Systems for Performing

14    Actions Based on Location-Based Rules." A copy of the '418 Patent is attached hereto as Exhibit

15    2. The '418 Patent on its face indicates that it was originally assigned to United Video Properties,

16    Inc., and that the inventor is Michael R. Nichols. Adeia Guides Inc. is listed as the current assignee

17    in the public records of the U.S. Patent and Trademark Office.

18    39. The application that issued as the '418 Patent was filed on December 23, 2011, and it was

19    issued on August 12, 2014.

20    40. DIRECTV disputes that it infringes any valid claims of the '418 Patent.

21

    **C. U.S. Patent No. 11,778,245**

22    41. U.S. Patent No. 11,778,245 (the "'245 Patent") is titled "Interrupting Presentation of Content

23    Data to Present Additional Content in Response to Reaching a Timepoint Relating to the Content

24    Data and Notifying a Server Over the Internet." A copy of the '245 Patent is attached hereto as

25    Exhibit 3. The '245 Patent on its face indicates that it was originally assigned to TiVo Solutions

1  Inc., and that the inventor is James M. Barton.  Adeia Media Solutions Inc. is listed as the current

2  assignee in the public records of the U.S. Patent and Trademark Office.

3  42. The application that issued as the '245 Patent was filed on August 13, 2018, and it was issued

4  on October 3, 2023.

5  43. DIRECTV disputes that it infringes any valid claims of the '245 Patent.

6  **D.  U.S. Patent No. 10,110,961**

7  44. U.S. Patent No. 10,110,961 (the "'961 Patent") is titled "Methods and Systems for

8  Supplementing Media Assets During Fast-Access Playback Operations."  A copy of the '961 Patent

9  is attached hereto as Exhibit 4.  The '961 Patent on its face indicates that it was originally assigned

10  to Rovi Guides, Inc., and that the inventor is Paul T. Stathacopoulos.  Adeia Guides Inc. is listed as

11  the current assignee in the public records of the U.S. Patent and Trademark Office.

12  45. The application that issued as the '961 Patent was filed on January 25, 2017, and it was issued

13  on October 23, 2018.

14  46. DIRECTV disputes that it infringes any valid claims of the '961 Patent.

15  **E.  U.S. Patent No. 9,715,334**

16  47. U.S. Patent No. 9,715,334 (the "'334 Patent") is titled "Personalized Timeline Presentation."

17  A copy of the '334 Patent is attached hereto as Exhibit 5.  The '334 Patent on its face indicates that

18  it was originally assigned to MobiTV, Inc., and that the inventors are Kay Johansson and Cedric

19  Fernandes.  On information and belief, Adeia Media Holdings LLC is the current assignee of the

20  '334 Patent.

21  48. The application that issued as the '334 Patent was filed on June 16, 2014, and it was issued

22  on July 25, 2017.

23  49. DIRECTV disputes that it infringes any valid claims of the '334 Patent.

24

25

1

**F.  U.S. Patent No. 8,156,528**

2

50. U.S. Patent No. 8,156,528 (the "'528 Patent") is titled "Personal Video Recorder Systems

3

and Methods."  A copy of the '528 Patent is attached hereto as Exhibit 6.  The '528 Patent on its

4

face indicates that it was originally assigned to United Video Properties, Inc., and that the inventors

5

are Joseph P. Baumgartner, Kenneth F. Carpenter, Jr., Michael D. Ellis, and Danny R. Gaydou.

6

Adeia Guides Inc. is listed as the current assignee in the public records of the U.S. Patent and

7

Trademark Office.

8

51. The application that issued as the '528 Patent was filed on March 21, 2002, and it was issued

9

on April 10, 2012.

10

52. DIRECTV disputes that it infringes any valid claims of the '528 Patent.

11

**G.  U.S. Patent No. 8,601,526**

12

53. U.S. Patent No. 8,601,526 (the "'526 Patent") is titled "Systems and Methods for Displaying

13

Media Content and Media Guidance Information."  A copy of the '526 Patent is attached hereto as

14

Exhibit 7.  The '526 Patent on its face indicates that it was originally assigned to United Video

15

Properties, Inc., and that the inventors are Akitaka Nishimura and Akio Yoshimoto. Adeia Guides

16

Inc. is listed as the current assignee in the public records of the U.S. Patent and Trademark Office.

17

54. The application that issued as the '526 Patent was filed on June 23, 2008, and it was issued

18

on December 3, 2013.

19

55. DIRECTV disputes that it infringes any valid claims of the '526 Patent.

20

**H.  U.S. Patent No. 8,640,165**

21

56. U.S. Patent No. 8,640,165 (the "'165 Patent") is titled "Systems and methods for providing

22

enhanced sports watching media guidance."  A copy of the '165 Patent is attached hereto as Exhibit

23

8.  The '165 Patent on its face indicates that it was originally assigned to Rovi Guides, Inc. and that

24

the inventors are Michael D. Ellis and Jon P. Radloff.  Adeia Guides, Inc. is listed as the current

25

assignee in the public records of the U.S. Patent and Trademark Office.

57. The application that issued as the '165 Patent was filed on July 31, 2007, and it was issued on January 28, 2014.

58. DIRECTV disputes that it infringes any valid claims of the '165 Patent.

**I.    U.S. Patent No. 8,234,668**

59. U.S. Patent No. 8,234,668 (the "'668 Patent") is titled "Content access."  A copy of the '668 Patent is attached hereto as Exhibit 9.  The '668 Patent on its face indicates that it was originally assigned to Microsoft Corporation and that the inventors are Peter J. Potrebic, Prashant K. Jha, and Mark B. Tozer.  Adeia Technologies, Inc. is listed as the current assignee in the public records of the U.S. Patent and Trademark Office.

60. The application that issued as the '668 Patent was filed on December 23, 2008, and it was issued on July 31, 2012.

61. DIRECTV disputes that it infringes any valid claims of the '668 Patent.

**J.    U.S. Patent No. 12,301,922**

62. U.S. Patent No 12,301,922 (the "'922 Patent") is titled "Systems and methods for providing synchronized supplemental content to a subset of users that are disinterested in live content."  A copy of the '922 Patent is attached hereto as Exhibit 10.  The '922 Patent on its face indicates that it was originally assigned to Adeia Guides, Inc. and that the inventors are Dylan Matthew Wondra, Jean Michelle Somlo, Michaela Schlocker Logan, Mario Miguel Sanchez, and William L. Thomas.  Adeia Guides, Inc. is listed as the current assignee in the public records of the U.S. Patent and Trademark Office.

63. The application that issued as the '922 Patent was filed on January 10, 2024, and it was issued on May 13, 2025.

64. DIRECTV disputes that it infringes any valid claims of the '922 Patent.

# COUNT I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF '010 PATENT

65. DIRECTV realleges and incorporates by reference each paragraph above, as if fully set forth herein.

66. As set forth above, on information and belief, Adeia will contend that DIRECTV infringes at least one claim of the '010 Patent.  In particular, on information and belief, Adeia will contend that DIRECTV Stream Products and Services infringe at least claim 1 of the '010 Patent.

67. As a result of Adeia's demands that DIRECTV license the Adeia portfolio, including the '010 Patent, an actual and judiciable controversy exists between Adeia and DIRECTV regarding the infringement of the '010 Patent.

68. DIRECTV Stream Products and Services do not infringe and have not infringed, directly or indirectly, any claim of the '010 Patent, either literally or under the doctrine of equivalents.

69. Specifically, claim 1 requires that the computing device "align[s]… based on a point in the content item that corresponds to a beginning of the first fragment and a beginning of the second fragment, the first fragment with the second fragment." DIRECTV does not infringe claim 1 of the '010 Patent at least because the alleged computing device does not perform aligning as required by claim 1.

70. Because DIRECTV has not infringed claim 1 or any other claim of the '010 Patent, DIRECTV has not required a license to the '010 Patent in order to provide the DIRECTV Products and Services to its customers.

71. Because DIRECTV does not infringe, directly or indirectly, claim 1 or any other claim of the '010 Patent, DIRECTV is not required to renew its license with Adeia when it expires on December 31, 2025, to continue providing the DIRECTV Products and Services to its customers.

72. DIRECTV is entitled to a judgment declaring that the DIRECTV Products and Services, including DIRECTV's Stream Products and Services, the '010 Patent do not and will not infringe any valid claim of the '010 Patent.

**COUNT II**

**<u>DECLARATORY JUDGMENT OF NONINFRINGEMENT OF '418 PATENT</u>**

73. DIRECTV realleges and incorporates by reference each paragraph above, as if fully set forth herein.

74. As set forth above, on information and belief, Adeia will contend that DIRECTV infringes at least one claim of the '418 Patent.  In particular, on information and belief, Adeia will contend that DIRECTV Stream Products and Services infringe at least claim 1.

75. As a result of Adeia's demands that DIRECTV license the Adeia portfolio, including, the '418 Patent, an actual and judiciable controversy exists between Adeia and DIRECTV regarding the infringement of the '418 Patent.

76. The DIRECTV Products and Services, including DIRECTV Stream Products and Services, do not infringe and have not infringed, directly or indirectly, any claim of the '418 Patent, either literally or under the doctrine of equivalents.

77. Specifically, claim 1 requires "determining that the user entered a predetermined range of a location," and "selecting one of a plurality of actions based on the location and the location-based rule."  DIRECTV does not infringe claim 1 of the '418 Patent at least because the DIRECTV Products and Services do not "select[] one of a plurality of actions based on the location and the location-based rule" as required by the claim.

78. Because DIRECTV has not infringed claim 1 or any other claim of the '418 Patent, DIRECTV has not required a license to the '418 Patent in order to provide the DIRECTV Products and Services to its customers.

79. Because DIRECTV does not infringe claim 1 or any other claim of the '418 Patent, DIRECTV is not required to renew its license with Adeia when it expires on December 31, 2025, to continue providing the DIRECTV Products and Services to its customers.

80. DIRECTV is entitled to a judgment declaring that DIRECTV Products and Services, including DIRECTV Stream Products and Services. do not and will not infringe any valid claim of the '418 Patent.

**COUNT III**

**<u>DECLARATORY JUDGMENT OF NONINFRINGEMENT OF '245 PATENT</u>**

81. DIRECTV realleges and incorporates by reference each paragraph above, as if fully set forth herein.

82. As set forth above, on information and belief, Adeia will contend that DIRECTV infringes at least one claim of the '245 Patent.  In particular, on information and belief, Adeia will contend that DIRECTV Stream Products and Services infringe at least claim 1.

83.      As a result of Adeia's demands that DIRECTV license the Adeia portfolio, including, the '245 Patent, an actual and judiciable controversy exists between Adeia and DIRECTV regarding the infringement of the '245 Patent.

84. The DIRECTV Products and Services, including DIRECTV Stream Products and Services, do not infringe and have not infringed, directly or indirectly, any claim of the '245 Patent, either literally or under the doctrine of equivalents.

85. Specifically, claim 1 requires "a set of timepoints relating to the content data [received at the client device] prior to generating for display…any portion of the content data." The DIRECTV Products and Services, including DIRECTV Stream Products and Services, do not infringe claim 1 of the '245 Patent at least because the "set of timepoints" do not "relat[e] to the content data" as required by the claim.

86. Because DIRECTV has not infringed claim 1 or any other claim of the '245 Patent, DIRECTV has not required a license to the '245 Patent in order to provide the DIRECTV Products and Services to its customers.

87. Because DIRECTV does not infringe claim 1 or any other claim of the '245 Patent, DIRECTV is not required to renew its license with Adeia when it expires on December 31, 2025, to continue providing the DIRECTV Products and Services to its customers.

88. DIRECTV is entitled to a judgment declaring that the DIRECTV Products and Services, including DIRECTV Stream Products and Services do not and will not infringe any valid claim of the '245 Patent.

**COUNT IV**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF '961 PATENT**

89. DIRECTV realleges and incorporates by reference each paragraph above, as if fully set forth herein.

90. As set forth above, on information and belief, Adeia will contend that DIRECTV infringes at least one claim of the '961 Patent. In particular, on information and belief, Adeia will contend that DIRECTV Stream Products and Services infringe at least claim 1.

91. As a result of Adeia's demands that DIRECTV license the Adeia portfolio, including, the '961 Patent, an actual and judiciable controversy exists between Adeia and DIRECTV regarding the infringement of the '961 Patent.

92. The DIRECTV Products and Services, including DIRECTV Stream Products and Services, do not infringe and have not infringed, directly or indirectly, any claim of the '961 Patent, either literally or under the doctrine of equivalents.

93. Specifically, claim 1 requires that "a user input" is received "while a media asset is subject to a fast-access playback operation," and that a progression point indicated by the user's input is

1  "compar[ed]…to a plurality of progression points stored in a database."  The DIRECTV Products

2  and Services, including DIRECTV Stream Products and Services do not infringe claim 1 of the '961

3  Patent at least because "a user input" is not received "while a media asset is subject to a fast-access

4  playback operation" as required by the claim.

5      94. Because DIRECTV has not infringed claim 1 or any other claim of the '961 Patent,

6  DIRECTV has not required a license to the '961 Patent in order to provide the DIRECTV Products

7  and Services to its customers.

8      95. Because DIRECTV does not infringe claim 1 or any other claim of the '961 Patent,

9  DIRECTV is not required to renew its license with Adeia when it expires on December 31, 2025, to

10  continue providing the DIRECTV Products and Services to its customers.

11      96. DIRECTV is entitled to a judgment declaring that the DIRECTV Products and Services,

12  including DIRECTV Stream Products and Services. do not and will not infringe any valid claim of

13  the '961 Patent.

14  **COUNT V**

15  **DECLARATORY JUDGMENT OF NONINFRINGEMENT OF '334 PATENT**

16      97. DIRECTV realleges and incorporates by reference each paragraph above, as if fully set forth

17  herein.

18      98. As set forth above, on information and belief, Adeia will contend that DIRECTV infringes

19  at least one claim of the '334 Patent.  In particular, on information and belief, Adeia will contend

20  that DIRECTV Stream Products and Services infringe at least claim 1.

21      99. As a result of Adeia's demands that DIRECTV license the Adeia portfolio, including, the

22  '334 Patent, an actual and judiciable controversy exists between Adeia and DIRECTV regarding the

23  infringement of the '334 Patent.

24      100.      The DIRECTV activities that Adeia has DIRECTV of infringement, including

25  DIRECTV Products and Services, including DIRECTV Stream Products and Services, do not

1    infringe and have not infringed, directly or indirectly, any claim of the '334 Patent, either literally

2    or under the doctrine of equivalents.

3        101.    Specifically, claim 1 requires that "an instruction [is transmitted] to a client device to

4    initiate playback of the video content item in accordance with the designated pause event at the client

5    device." The DIRECTV Products and Services, including DIRECTV Stream Products and Services

6    do not infringe claim 1 of the '334 Patent at least because there is no "instruction to a client device

7    to initiate playback of the video content item in accordance with the designated pause event at the

8    client device" as required by the claim.

9        102.    Because DIRECTV has not infringed claim 1 or any other claim of the '334 Patent,

10   DIRECTV has not required a license to the '334 Patent in order to provide the DIRECTV Products

11   and Services to its customers.

12       103.    Because DIRECTV does not infringe claim 1 or any other claim of the '334 Patent,

13   DIRECTV is not required to renew its license with Adeia when it expires on December 31, 2025, to

14   continue providing the DIRECTV Products and Services to its customers.

15       104.    DIRECTV is entitled to a judgment declaring that the DIRECTV Products and

16   Services do not and will not infringe any valid claim of the '334 Patent.

17                            **COUNT VI**

18          **DECLARATORY JUDGMENT OF NONINFRINGEMENT OF '528 PATENT**

19       105.    DIRECTV realleges and incorporates by reference each paragraph above, as if fully

20   set forth herein.

21       106.    As set forth above, on information and belief, Adeia will contend that DIRECTV

22   infringes at least one claim of the '528 Patent.  In particular, on information and belief, Adeia will

23   contend that DIRECTV MVPD Products and Services infringe at least claim 32.

24

25

107.    As a result of Adeia's demands that DIRECTV license the Adeia portfolio, including, the '528 Patent, an actual and judiciable controversy exists between Adeia and DIRECTV regarding the infringement of the '528 Patent.

108.    The DIRECTV Products and Services do not infringe and have not infringed, directly or indirectly, any claim of the '528 Patent, either literally or under the doctrine of equivalents.

109.    Specifically, claim 32 requires a "personal video recorder device comprising… software and hardware configured to implement a *first interactive television program guide*," a coupled "personal video recorder compliant device with software and hardware configured to implement a *second interactive television program guide*," and that the "first interactive television program guide and the second interactive television program guide…are distinctly implemented"— i.e., not the same interactive program guide.  DIRECTV does not infringe claim 32 of the '528 Patent at least because the DIRECTV Products and Services are not "configured to implement a first interactive television program guide" and a "second interactive television program guide" as required by the claim.

110.    Because DIRECTV has not infringed claim 32 or any other claim of the '528 Patent, DIRECTV has not required a license to the '528 Patent in order to provide the DIRECTV Products and Services to its customers.

111.    Because DIRECTV does not infringe claim 32 or any other claim of the '528 Patent, DIRECTV is not required to renew its license with Adeia when it expires on December 31, 2025, to continue providing the DIRECTV Products and Services to its customers.

112.    DIRECTV is entitled to a judgment declaring that the DIRECTV Products and Services do not and will not infringe any valid claim of the '528 Patent.

**COUNT VII**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF '526 PATENT**

113.     DIRECTV realleges and incorporates by reference each paragraph above, as if fully set forth herein.

114.     As set forth above, on information and belief, Adeia will contend that DIRECTV infringes at least one claim of the '526 Patent.  In particular, on information and belief, Adeia will contend that DIRECTV MVPD Products and Services infringe at least claim 1.

115.     As a result of Adeia's demands that DIRECTV license the Adeia portfolio, including, the '526 Patent, an actual and judiciable controversy exists between Adeia and DIRECTV regarding the infringement of the '526 Patent.

116.     The DIRECTV Products and Services do not infringe and have not infringed, directly or indirectly, any claim of the '526 Patent, either literally or under the doctrine of equivalents.

117.     Specifically, claim 1 requires that the "media guidance information received by the control circuitry from the first portable electronic device is simultaneously displayed… with media content or media guidance information received by the control circuitry from a source other than the first portable electronic device," and that "the first portable electronic device [receives an indication] that the media guidance information displayed on the display coupled to the control circuitry has been manipulated."  DIRECTV does not infringe claim 1 of the '526 Patent because "the media guidance information received from the first portable electronic device" is not "simultaneously displayed" by DIRECTV Products and Service as required by the claim.

118.     Because DIRECTV has not infringed claim 1 or any other claim of the '526 Patent, DIRECTV has not required a license to the '526 Patent in order to provide the DIRECTV Products and Services to its customers.

119.    Because DIRECTV does not infringe claim 1 or any other claim of the '526 Patent, DIRECTV is not required to renew its license with Adeia when it expires on December 31, 2025, to continue providing the DIRECTV Products and Services to its customers.

120.    DIRECTV is entitled to a judgment declaring that DIRECTV Products and Services do not and will not infringe any valid claim of the '526 Patent.

**COUNT VIII**

**DECLARATORY JUDGMENT OF INVALIDITY OF '165 PATENT**

121.    DIRECTV realleges and incorporates by reference each paragraph above, as if fully set forth herein.

122.    As set forth above, on information and belief, Adeia will contend that DIRECTV infringes at least one claim of the '165 Patent.  In particular, on information and belief, Adeia will contend that DIRECTV MVPD Products and Services infringe at least claim 1.

123.    As a result of Adeia's demands that DIRECTV license the Adeia portfolio, including, the '165 Patent, an actual and judiciable controversy exists between Adeia and DIRECTV regarding the infringement of the '165 Patent.

124.    At least claim 1 of the '165 Patent is invalid under 35 U.S.C. § 101 as directed to patent-ineligible subject matter.  Specifically, claim 1 of the '165 Patent is directed to the abstract idea of displaying an interactive scoreboard during a sporting event.

125.    Claim 1 of the '165 Patent does not recite an inventive concept.  Rather, it is directed to routine and conventional activities, implemented on commonplace devices.  For example, the '165 Patent describes implementing the abstract idea of an interactive scoreboard as an application (i.e., software) displayed on a TV for providing sports information ("An interactive 'sports watcher' application may execute at least partially on a local user equipment device to support the enhanced access and viewing functionality.").  *See* Ex. 8 at 2:21-24.  The '165 Patent admits, however, that interactive media applications were known (e.g., in the form of program guides), could access

various types of data, and support various types of "advanced" features ( "generalized applications that support basic media guidance functionality for a wide array of media content of a variety of different genres and subgenres"). *See id.* at 1:32-35.  At most, the '165 Patent suggests that its innovation was using this type of known application and data access in the field of sports ("These applications, however, typically fail to provide a custom set of features and functionality for specific types of media content, such as sporting events and other sports-related content."). *See id.* at 1:35-38.  And there is no new hardware here – the patent admits that all of this can be accomplished with existing processors and/or graphics circuitry. *See, e.g., id.* at 9:26-52.  There were no technical hurdles, for instance, in providing simultaneous displays or responding to user inputs (As is currently understood in the art, the output from more than one tuner may be decoded and displayed simultaneously on a single display screen if desired. For example, picture-in-picture (PIP) or picture-on-picture (POP) modes may be implemented to allow for multiple video windows to be displayed simultaneously."). *Id.* at 9:35-41.  Thus, claim 1 of the '165 Patent does nothing more than recite the abstract idea of displaying interactive scores during a sporting event using existing, generic hardware and software.

126.    Because DIRECTV has not infringed any valid claim of the '165 Patent, DIRECTV has not required a license to the '165 Patent in order to provide the DIRECTV Products and Services to its customers.

127.    Because DIRECTV does not infringe any valid claim of the '165 Patent, DIRECTV, DIRECTV is not required to renew its license with Adeia when it expires on December 31, 2025, to continue providing the DIRECTV Products and Services to its customers.

128.    DIRECTV is entitled to a judgment declaring that the DIRECTV Products and Services do not and will not infringe any valid claim of the '165 Patent.

**COUNT IX**

**DECLARATORY JUDGMENT OF INVALIDITY OF '668 PATENT**

129.     DIRECTV realleges and incorporates by reference each paragraph above, as if fully set forth herein.

130.     As set forth above, on information and belief, Adeia will contend that DIRECTV infringes at least one claim of the '668 Patent.  In particular, on information and belief, Adeia will contend that DIRECTV MVPD Products and Services infringe at least claim 1.

131.     As a result of Adeia's demands that DIRECTV license the Adeia portfolio, including, the '668 Patent, an actual and judiciable controversy exists between Adeia and DIRECTV regarding the infringement of the '668 Patent.

132.     At least claim 1 of the '668 Patent is invalid under 35 U.S.C. § 101 as patent-ineligible subject matter.  Specifically, claim 1 of the '668 Patent is directed to the abstract idea of providing access to high-definition channels in a program guide when available (e.g., instead of providing the corresponding standard-definition channels).  Put another way, the '668 Patent is directed to non-duplicative access of content.  This abstract idea—providing a higher-quality product in place of a lower-quality product when said higher-quality product is available—is a traditional notion of market behavior that has existed long before the advent of television or high-definition channels.

133.     Claim 1 of the '668 Patent does not recite an inventive concept.  Rather, it is directed to routine and conventional activities, implemented on commonplace devices.  For example, the '668 Patent describes implementing the abstract idea of non-duplicative access of content, e.g., standard-definition and high-definition channels in a program guide ("[I]nclusion of both channels in an EPG may be duplicative. Consequently, in this implementation access to channels having matching content is granted or restricted based on the capabilities of the client (e.g., capability to output content in high definition)."). Ex. 9 at. 3:13-17.  The '668 Patent admits, however, that use of program guides to access content was well-known and commonplace by 2008, the filing year of

the '668 Patent ("For example, a traditional approach employed by a client having PVR functionality was based on an implicit directive that users were to browse through the EPG to find interesting programs that the users wanted to record on their own."). *See id.* at 2:45-58. Indeed, the '668 Patent describes that, at the time of the invention, there was nothing new about providing content to users in various ways (e.g., "standard definition versus high definition"). *Id.* at. 1:13-18. Moreover, there was not a particular, technical problem addressed by the '668 Patent ("The client 104 may be configured in a variety of ways. For example, the client 104 may be configured as a computer that is capable of communicating over the network connection 108, such as a desktop computer, a mobile station, an entertainment appliance, a set-top box communicatively coupled to a display device as illustrated, a wireless phone, and so forth."). *Id..* at 4:4-10. Thus, claim 1 of the '668 Patent does nothing more than recite the abstract idea of product substitution based on availability of a higher-quality product as implemented on generic, off-the-shelf hardware.

134.    Because DIRECTV has not infringed any valid claim of the '668 Patent, DIRECTV has not required a license to the '668 Patent in order to continue provide the DIRECTV Products and Services to its customers.

135.    Because DIRECTV does not infringe any valid claim of the '668 Patent, DIRECTV, DIRECTV is not required to renew its license with Adeia when it expires on December 31, 2025, to continue providing the DIRECTV Products and Services to its customers.

136.    DIRECTV is entitled to a judgment declaring that the DIRECTV Products and Services do not and will not infringe any valid claim of the '668 Patent.

### COUNT X

### DECLARATORY JUDGMENT OF INVALIDITY OF '922 PATENT

137.    DIRECTV realleges and incorporates by reference each paragraph above, as if fully set forth herein.

138.    As set forth above, on information and belief, Adeia will contend that DIRECTV infringes at least one claim of the '922 Patent.  In particular, on information and belief, Adeia will contend that DIRECTV MVPD Products and Services infringe at least claim 1.

139.    As a result of Adeia's demands that DIRECTV license the Adeia portfolio, including, the '922 Patent, an actual and judiciable controversy exists between Adeia and DIRECTV regarding the infringement of the '922 Patent.

140.    At least claim 1 of the '922 Patent is invalid under 35 U.S.C. § 101 as patent-ineligible subject matter.  Specifically, the claims of the '922 Patent are directed to the abstract idea of identifying a subset  of users and outputting targeted content to said subset of users.  This abstract idea is not unique to broadcast television—rather it has consistently been integrated in consumer markets.  For example, targeted advertising traces back to the earliest days of print media, where certain demographics received different advertisements based on expected engagement with said advertisements.

141.    Claim 1 of the '992 Patent does not recite an inventive concept.  Rather, it is directed to routine and conventional activities, implemented on commonplace devices.  For example, the '992 Patent describes implementing the abstract idea of identifying a subset of users and outputting targeted content to said subset of users ("a media guidance application that replaces a segment of live content from an over-the-top (OTT) provider with a segment of non-live content from the OTT provider for a subset of users that is both disinterested in the segment of live content and also part of a same synchronized viewing group.").  Ex. 10 at. 1:63-2:2.  The '992 Patent admits, however, that, at the time of the invention, it was known for computers to interpret preferences ("content providers transmit and receive metadata associated with media and/or profiles associated with users and determine when a user is interested or disinterested in content") and provide supplemental content to a single user using existing equipment ("[t]he advancement of digital transmission of media content has increased the amount of data that can be transmitted between content providers

and user equipment").) *Id.* at. 1:48-54.  Put differently, by the filing of the '922 Patent in 2024, content providers could identify targeted content based on user metadata and provide said content to a single user ("[computer systems] simply provide supplemental content to a single user based on that single user's interests").  *Id.* at 1:58-62.  Further, claim 1 does not implicate any technical requirements or address a particular technical problem ("With the advent of the Internet, mobile computing, and high-speed wireless networks, users are accessing media on user equipment devices on which they traditionally did not").  *Id.* at 12:37-40; *see also id.* at 12:40-58 (listing generic devices such as "television, a Smart TV, a set-top box…%or *any* other television equipment, computing equipment, or wireless device" as capable of accessing the content described in the claims).  Thus, claim 1 of the '922 Patent does nothing more than recite the abstract idea of identifying a subset of users and outputting targeted content to said subset of users using known techniques and displaying said targeted content on existing devices.

142.    Because DIRECTV has not infringed any valid claim of the '922 Patent, DIRECTV has not required a license to the '922 Patent in order to provide the DIRECTV Products and Services to its customers.

143.    Because DIRECTV does not infringe any valid claim of the '922 Patent, DIRECTV, DIRECTV is not required to renew its license with Adeia when it expires on December 31, 2025, to continue providing the DIRECTV Products and Services to its customers.

144.    DIRECTV is entitled to a judgment declaring that the DIRECTV Products and Services do not and will not infringe any valid claim of the '922 Patent.

## **DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38, DIRECTV hereby respectfully demands a trial by jury of all issues and claims so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, DIRECTV prays for judgment as follows:

A. A declaration that the claims of the '165 Patent, '668 Patent, and '922 Patent are invalid;

B. A declaration that DIRECTV does not and has not infringed any claims of the Patents-in-Suit, either literally or under the Doctrine of Equivalents;

C. A declaration that DIRECTV does not induce infringement of the Patents-in-Suit;

D. A declaration that DIRECTV does not contributorily infringe on the Patents-in-Suit;

E. A declaration that judgment be entered in favor of DIRECTV and against Adeia on DIRECTV's claims;

F. An order declaring this case as exceptional within the meaning of 35 U.S.C. § 285, and awarding to DIRECTV its reasonable attorneys' fees; and

G. Awarding to DIRECTV such further relief as this Court may deem necessary, just, and/or proper.

Dated: December 29, 2025          By:  */s/ Ryan K. Yagura*

Ryan K. Yagura (CA S.B. #197619)
Xin-Yi Zhou (CA S.B. #251969)
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Sharon L. Davis (pro hac forthcoming)
Michael H. Jones (pro hac forthcoming)
Bryan B. Thompson (pro hac forthcoming)
Benjamin Fishman (pro hac forthcoming)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

*Attorneys for Plaintiff DIRECTV, LLC*

COMPLAINT FOR DECLARATORY JUDGMENT